# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4696 | **DATE** | 9/9/2002 |
| **CASE TITLE** | Daniel Booker vs. Eric Ware | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: It is therefore ordered that defendant Ware's motion for summary judgment is granted [46-1], defendant's motion to dismiss is denied as moot [46-2] and plaintiff's motion for summary judgment is denied [53-1]. This case is dismissed in its entirety. All pending motions are denied moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP date docketed 2002 | |
| ✓ | Docketing to mail notices. | | 63 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99 C 4696 |
| | ) | |
| ERIC WARE, | ) | |
| | ) | |
| Defendant. | ) | Judge Wayne Andersen |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Daniel Booker, #B15423, currently an inmate at Danville Correctional Center, but previously housed at Joliet Correctional Center, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. He signed the complaint and submitted it for filing on July 1, 1999, claiming that on June 14, 1999, the defendant, Lieutenant Eric Ware, a correctional officer at Joliet Correctional Center, violated his constitutional rights by using excessive force against him while placing him in handcuffs for movement within the prison. This matter is before the Court for consideration of the defendant's and the plaintiff's cross-motions for summary judgment, and the defendant's motion to dismiss. For the reasons stated in this order, the defendant's motion for summary judgment is granted, the Plaintiff's motion is denied, all other motions are denied as moot, and the case is dismissed in its entirety.

## STANDARD OF LAW

Summary judgment will be granted when there is no genuine issue of material fact and

1



the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *O'Connor v. DePaul Univ.*, 123 F. 3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the Court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.*, 115 F. 3d 1283, 1289 (7th Cir. 1997); *Condo v. Sysco Corp.*, 1 F. 3d 599, 601 (7th Cir. 1993). The party opposing the motion must present evidence of a triable issue of material fact; *see Vance v. Peters*, 97 F. 3d 987, 990 (7th Cir. 1996). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee*, 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

The Plaintiff alleges that on June 14, 1999, Defendant Lieutenant Ware used excessive force against him when he purposely tightened the handcuffs on Plaintiff, jerked the Plaintiff by the handcuffs maliciously and sadistically for the sole purpose of trying to harm Plaintiff, shoved Plaintiff into a cement wall after Plaintiff made a nonthreatening move away from defendant, applied a submission hold and grabbed Plaintiff's right leg to try to slam him against the floor, although this did not occur, and gave Plaintiff intimidating looks.

The parties agree that Plaintiff did sustain injuries, but differ regarding their extent and

whether the forced used was reasonable and necessary under the circumstances, or was malicious and sadistic and for the sole purpose of harming Plaintiff.

Before the Court are two motions for summary judgment. The only issue raised in both motions is whether or not the Plaintiff exhausted his administrative remedies prior to filing this lawsuit. If he did, then the Court can address the merits of the claim. If he did not, then the case must be dismissed. Defendant has previously brought this challenge to the exhaustion issue in a motion to dismiss, normally not an appropriate vehicle for presenting this issue to the Court, because additional factual evidence is required for the Court to make this determination. Now, however, defendant has brought the motion properly, as a motion for summary judgment. The Court considers this first, because if granted, it will be dispositive of this case.

Exhaustion standard

Defendant is correct in his recitation of current law regarding the requirement of exhaustion of administrative remedies prior to a prisoner filing a civil rights conditions case in this Court. On February 3, 2000, when the Court previously denied defendant's motion to dismiss on this issue, it based its decision on then existing case law which has now been clarified. The Court reiterates the following language from that order which remains correct: "Under 42 U.S.C.§ 1997e(a) the Court is directed to dismiss a suit brought in forma pauperis if the Court determines that the Plaintiff has failed to exhaust his administrative remedies. *Massey v. Helman*, 259 F. 3d 641 (7th Cir. 2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F. 3d 532 (7th Cir. 1999). It is clear from Booker's pleadings and response that he did not exhaust his administrative remedies before he prepared his complaint on July 1, 1999. Booker apparently did write a letter to Warden Chrans on June 14, the date the alleged incident occurred, concerning the

3

defendant's use of excessive force. However, he did not allow the Illinois Department of Corrections adequate time to respond to his grievance before filing his complaint. *See* 20 Ill. Admin. Reg. Ch. I, § 504.810, 830(d). Nor did he appeal to the Director of the Department of Corrections before filing his complaint; *see* § 504.850. Booker did attempt to pursue his administrative remedies after he filed this action."

While this is a correct statement of exhaustion law, and of the allegations in Plaintiff's complaint, this Court interpreted the case law at that time as allowing an exception to this exhaustion requirement so that this excessive force claim did not require exhaustion; therefore, the motion to dismiss was denied.

Now, however, it is clear that such an interpretation of current law is not correct. Indeed, plaintiffs who are prisoners seeking money damages for claims related to conditions of confinement, must first exhaust all available administrative remedies before filing a civil rights suit in federal court. *Porter v. Nussle,* 536 U.S. 516, 122 S. Ct. 983, 992 (2002) (exhaustion requirement applies to all inmate suits about prison life, including excessive force claims); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825 (2001); *Pozo v. McCaughtry,* 286 F. 3d 1022 (7th Cir. 2002); *Strong v. David,* 297 F. 3d 646 (7th Cir. 2002); *Smith v. Zachary,* 255 F. 3d 446 (7th Cir. 2001); *Johnson v. Litscher,* 260 F. 3d 826 (7th Cir. 2001); *Larkin v. Galloway,* 266 F. 3d 718 (7th Cir. 2001)( exhaustion required for an excessive force claim because it fits within the definition of prison "conditions"). These cases were all decided subsequent to this Court's prior ruling in the instant case, and clarify that the exhaustion requirement must be followed by Plaintiff in this case.

Therefore, the Court now turns to the additional evidence presented by the parties in the

motions for summary judgment to determine whether Plaintiff has satisfied the exhaustion requirement. Although it is true that Plaintiff failed to allege in his complaint that he followed the institutional grievance procedure[1], he did in fact file a grievance; thus, the Court must consider the facts regarding the timing and substance of such a grievance in order to determine the exhaustion issue.

Both parties discuss at length the substance of Plaintiff's grievance that he filed and whether it even referenced his excessive force claim. First, however, the relevant issue is that it was not filed, until after this lawsuit was filed. It appears to this Court that such timing is dispositive of this issue. Plaintiff's grievance is dated July 20, 1999, and this case was submitted by Plaintiff for filing on July 1, 1999. The only evidence submitted regarding the filing of this grievance, was Defendant's submission of the affidavit of the Coordinator of Inmate Issues, who having checked the grievance files, submits that Plaintiff's only grievance stemming from this incident was filed July 20, 1999. (For some reason defendant states in the motion for summary judgment that Plaintiff also filed a June 20 grievance but this appears not to be the case). The grievance records further indicate that Plaintiff's grievance was not completed until November 30, 1999, well after the complaint was filed. Regardless of whether Plaintiff did sufficiently refer to his excessive force claim in his grievance, he failed even to begin the exhaustion of administrative remedies prior to filing suit.[2] Of course, now, he has completed the

---

[1]Plaintiff alleges only that he wrote to the Warden. Such a letter is not part of the grievance system and illustrates his failure to utilize that system.

[2]Defendant argues that he did not, while at the same time pointing out that on the second page of the grievance he does specifically refer to defendant's use of force, and seeks $200 a day for the violation of his rights, which to this Court, appear to meet the notice pleading requirements applicable to grievances, *see Strong v. David*, 297 F. 3d at 650.

exhaustion process subsequent to filing this case.[3] And he lost. Nevertheless, this case must be dismissed in its entirety. Plaintiff cannot by-pass the exhaustion requirement, file a lawsuit, and then ask the Court to ignore the requirement because now he has lost his grievance. Further, defendant is correct to note that plaintiff's grievance was not focused on the excessive force issue at all; in any case, accepting Plaintiff's argument that he did include the excessive force claim in his grievance, because he completed the administrative process subsequent to his filing this lawsuit, this case must be dismissed. . " Failure to do what the state requires bars, and does not just postpone, suit under § 1983.... Prisons are unlikely to entertain many appeals filed a year late, or by prisoners who otherwise thumb their noses at the specified procedures." *Pozo v. McCaughtry*, 286 F. 3d at 1024-25.

Having determined that this case must be dismissed on the exhaustion grounds, the Court nevertheless gives brief mention to the merits of Plaintiff's excessive force claim, as the parties each discussed the merits in their affidavits and exhibits. Plaintiff admits that he refused an order from defendant to exit the yard, (Pl. Dep., Def. Ex. 5 at p. 38) and was then handcuffed. He also admits that he made a "non-threatening" movement away from the defendant once he was inside the West Segregation unit shower area. Further, the disciplinary report states that he was guilty of kicking the defendant during this time. All such uncontested facts support defendant's position that the force he used was reasonable under the circumstances.

Plaintiff's only affidavits were from other prisoners who saw his injuries, but no one

---

[3] If the Plaintiff had not included the excessive force claim in his grievance, as defendant claims, he would still be unable to exhaust it now, as the time has long past for him to do so under the Illinois administrative procedures. Further, it would not change the fact that he failed to exhaust prior to filing this suit.

6

who witnessed the event that caused them. Therefore, they do nothing to advance his cause. Defendant submits an affidavit from Captain Agnew, who was on the scene throughout the incident, according to both parties. He states that defendant's use of force was reasonable and not excessive, but of course that is a determination to be made for the trial of fact and is itself a legal conclusion not a fact. However, Captain Agnew also states that he directed defendant to put leg irons on the Plaintiff, thus supporting the defendant's position that doing so would not have been a malicious and sadistic act of the defendant, but rather would show that he was obeying his commanding officer, who is not sued in this case. This evidence supports the view that defendant's action were not a violation of the 8th amendment. Defendant also submitted the medical report, showing only minor abrasions to Plaintiff.

Finally, Plaintiff's motion for summary judgment addressed only the exhaustion issue. As previously discussed, therefore, Plaintiff's motion for summary judgment is denied.

## CONCLUSION

It is therefore ordered that Defendant Ware's motion for summary judgment is granted,[46-1], defendant's motion to dismiss is denied as moot, [46-2] and Plaintiff's motion for summary judgment is denied.[53-1] This case is dismissed in its entirety. All pending motions are denied as moot.

E N T E R:

Wayne R. Andersen
UNITED STATES DISTRICT COURT

DATED: September 9, 2002